## The Federal Land Bank of Baltimore v. Feague et ux.

*L. R. Rickard,* for plaintiff; *John C. Wilkes,* for defendants.

McLAUGHREY, P. J., April 1, 1932.—On December 22, 1931, a petition was presented to the court by John C. Wilkes, Esq., setting forth that certain lands of Deloss J. Feague were sold at sheriff's sale at the suit of The Federal Land Bank of Baltimore; · that the title to the two tracts of land which were sold was in the name of the said Deloss J. Feague, and the Federal land bank sold said land on a mortgage executed by Deloss J. Feague and his wife, Phidella Feague.

The petition further sets forth that on December 14, 1931, Sheriff D. K. Callahan made a return and schedule of distribution which was read in open court, showing distribution to costs and taxes and to the mortgage of The Federal Land Bank of Baltimore, after which the sum of $162.40 is credited to a certain judgment held by William H. Brown against Deloss J. Feague and Phidella Feague, his wife, at No. 228, June Term, 1928.

It is further set forth that after allowing for costs, taxes and the Federal land bank mortgage, and before crediting the William H. Brown judgment, there remained in the sheriff's hands $379.90 for distribution; that next on the record after the Brown judgment is a judgment in favor of R. B. Bartholomew at No. 430, June Term, 1928, against Deloss J. Feague, amounting to $65.25, with interest and costs; and after said Bartholomew judgment is a judgment in favor of the petitioner, John C. Wilkes, at No. 244, October Term, 1928, amounting to $115, with interest and costs, being against Deloss J. Feague; and after said judgment is another judgment against said Deloss J. Feague in

240

favor of John C. Wilkes, at No. 389, April Term, 1929, amounting to $110, with interest and costs.

The petitioner alleges that no distribution should have been made to William H. Brown because of the fact that the said judgment is against Deloss J. Feague and Phidella Feague, his wife, and, inasmuch as the property sold was in the name of Deloss J. Feague only, the judgment of the said William H. Brown could not participate in the funds for distribution.

On presentation of the petition the court made a decree as follows:

"And now, to wit, December 22, 1931, upon consideration of the foregoing petition it appearing to the court that the return and schedule of distribution presented to the court was based on the theory of an estate by the entireties in the said Deloss J. Feague and Phidella Feague, his wife, and it appearing to the court that title to the farm lands sold by the sheriff was in Deloss J. Feague only, on motion of John C. Wilkes, Esq., petitioner, it is ordered, adjudged and decreed that said return and schedule of distribution be stricken from the record, and that D. K. Callahan, Sheriff of Mercer County, file a new return and schedule of distribution of the funds in his hands resulting from the sale of real estate under the levari facias issued in the case of The Federal Land Bank of Baltimore v. Deloss J. Feague and Phidella Feague, at No. 366, October Term, 1931."

On December 23, 1931, William H. Brown presented a petition alleging that he was the plaintiff in a judgment at No. 288, June Term, 1928, against the said Deloss J. Feague, and that said judgment was a first lien upon which the execution was issued, and was, therefore, a valid lien and was entitled to the distribution made by D. K. Callahan, sheriff. This petition requested the court to revoke the order made on December 22, 1931, so that the original distribution made by the sheriff be reinstated.

It seems that the only reason presented for striking off the original schedule of distribution in the petition of John C. Wilkes was that the property sold by the sheriff was in the name of Deloss J. Feague only, while the judgment of William H. Brown was against Deloss J. Feague and Phidella Feague, and would, therefore, not be entitled to participate in the distribution. The only question, therefore, before the court is whether or not a judgment entered against a man and his wife is a lien against property owned by either the man or wife individually. It has been argued that William H. Brown was not entitled to participate.

The only case cited in the brief presented is that of Knoblauch v. Kiesel et al., 21 Berks Co. L. J. 344. We do not understand that the case cited is authority for the position taken here. The court in that case simply states as a matter of law that a judgment against a man and wife is a lien against them and is collectible out of any property held by them as tenants by the entireties. There can be no question about this, and William H. Brown would have a lien and his judgment is collectible from any property held by Deloss J. Feague and Phidella Feague, but the right to collect said judgment is not confined to property in the name of both the husband and wife, but may be collectible from property belonging to the husband alone. A judgment executed by one or more parties, whether or not the parties may be husband and wife, is a lien against real estate owned by any one of the persons against whom judgment is entered. Where real estate is owned jointly and a judgment had been entered against but one of the joint owners, a different situation arises, but that is not the case here.

When the order of December 22, 1931, was made we were under the impression that the request was made by the sheriff for the purpose of correcting some apparent error about which there was no dispute. We are now satisfied that the

order should not have been made, and the rule to revoke the same is made absolute.

### Order

And now, April 1, 1932, this matter came on to be heard on a rule to show cause why the order made on December 22, 1931, should not be revoked, and was argued by counsel; whereupon, after due consideration, the rule is made absolute and the order of December 22, 1931, is hereby revoked; and it is ordered that after payment of costs and the amount of the judgment of The Federal Land Bank of Baltimore, at No. 44, December Term, 1931, the balance be distributed as follows:

First, to the payment of the judgment of William H. Brown, at No. 228, June Term, 1928; second, to the payment of judgment of R. B. Bartholomew, at No. 430, June Term, 1928; third, to the payment of judgment of John C. Wilkes, at No. 244, October Term, 1928; and, fourth, to apply on the judgment of John C. Wilkes, at No. 389, April Term, 1929.

From W. G. Barker, Mercer, Pa.